IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| STEVE HILTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:20-cv-01092-STA-jay |
| ) | |
| BROWNSVILLE-HAYWOOD ) | |
| COUNTY CHAMBER OF ) | |
| COMMERCE and CITY OF ) | |
| BROWNSVILLE, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART**
**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**
**ORDER TO SHOW CAUSE**

Before the Court is Defendant City of Brownsville's Motion to Dismiss (ECF No. 10) filed on June 26, 2020. Plaintiff Steve Hilton has responded in opposition, and Defendant has filed a reply brief. For the reasons set forth below, the Motion is **GRANTED** in part.

**BACKGROUND**

Plaintiff Steve Hilton took a position as the executive director of the Brownsville-Haywood County Chamber of Commerce ("the Chamber") in 2015. Hilton was told that he could participate in a Tennessee state retirement program offered to employees of the City of Brownsville ("the City") and that the Chamber would make contributions to Hilton's retirement account as part of his compensation. Hilton and the Chamber had an employment contract that confirmed this understanding. Unfortunately, the State of Tennessee notified the City in 2019 that as an employee of the Chamber and not the City, Hilton was not an eligible participant in the

1

state retirement program.  The state returned Hilton's contributions to the pension system.

Hilton now seeks damages against the Chamber and the City for violations of the federal Employment Retirement Security Income Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as well as breach of contract, unjust enrichment, promissory fraud, and negligent misrepresentation under Tennessee law.  Hilton caused summons to issue, and both Defendants waived service of process on May 29, 2020.  *See* Waiver of Service May 29, 2020 (ECF No. 9).  Under Federal Rule of Civil Procedure 4, a defendant who waives service has 60 days from the time the plaintiff sent the request for waiver to defendant in which to serve an answer. Fed. R. Civ. P. 4(d)(3).  The City filed its Rule 12(b)(6) Motion to Dismiss on June 26, 2020.  To date the Chamber has not answered the Complaint or otherwise appeared to defend itself against Hilton's allegations.

The City raises a number of arguments for the dismissal of Hilton's Complaint, though the Court finds it unnecessary to consider all of the issues presented.  The City argues in part that the Complaint fails to state a claim for relief under ERISA because ERISA does not govern a "governmental plan" like Tennessee's Retire Ready plan.  In his response to the Motion to Dismiss, Hilton concedes as much and admits that the City "is a political subdivision of the State of Tennessee, thus exempting the City from claims made against them under ERISA."  Pl.'s Resp. in Opp'n 6 (ECF No. 11).

## **JURISDICTION**

The Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  ERISA is a law of the United States for purposes of section 1331.  As for Hilton's state law claims, 28 U.S.C. § 1367(a) gives district courts supplemental jurisdiction in any civil action in which a court has original jurisdiction but only "over all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  This means the supplemental claims must "derive from a common nucleus of operative fact." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1753 n.1 (2019) (Alito, J., dissenting) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).  The Court finds that Hilton's claims for breach of contract, unjust enrichment, promissory fraud, and negligent misrepresentation, all under Tennessee law, meet this standard. Each claim is based on Hilton's employment as executive director of the Chamber and the terms and conditions of his participation in a retirement program. For reasons discussed in more detail below, the Court declines to exercise supplemental jurisdiction over Hilton's related state law claims.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2).  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The Court holds that Hilton's Complaint fails to state a plausible claim for a violation of ERISA.  As the parties seem to concede, ERISA does not apply to a "governmental plan," which the statute defines as "a plan established or maintained for its employees by the Government of the United States [or] by the government of any State or political subdivision thereof . . . ." 29 U.S.C. § 1002(32).  The Sixth Circuit has held that a city is a political subdivision of a state and that city employees who participate in state retirement programs do so as part of a "governmental plan" exempt from ERISA.  *Halttunen v. City of Livonia*, 664 F. App'x 510, 512 (6th Cir. 2016) ("That a city is a political subdivision of a state is so undisputable that many courts have not even involved themselves in the trivial task of analyzing why."); *see also Rayford v. Standard Ins. Co.*, No. 08-2144, 2010 WL 890947, at *1 (W.D. Tenn. Mar. 10, 2010) (holding that a Tennessee county's disability insurance program was a "governmental plan" exempt from

4

ERISA). The parties agree that this law precludes Hilton's ERISA claims against the City. Therefore, the City's Motion to Dismiss is **GRANTED** as to the ERISA claim.

This leaves Hilton's claims against the City under Tennessee law. The City argues that the Complaint fails to state any of the claims. Before reaching the merits of those arguments, the Court first considers whether it is proper to exercise jurisdiction over these claims at all. As already noted, 28 U.S.C. § 1367 gives the Court supplemental jurisdiction over Hilton's contractual and common law claims. The "default assumption" is that a district court will take supplemental jurisdiction over related state law claims as long as it has original jurisdiction over at least one claim. *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012). But a district court's decision in this regard remains a matter of discretion. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise.").

In fact, section 1367 spells out several circumstances in which a district court may decline to exercise supplemental jurisdiction over a related claim: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). In this case, paragraph (3) applies. Hilton has alleged ERISA claims against both Defendants, questions of federal law which formed the basis of the Court's original jurisdiction under 28 U.S.C. § 1331. The Court has now concluded, and the parties concede, that the Complaint fails to state a plausible ERISA claim.

Courts generally decline to take supplementary jurisdiction over related state law claims in a situation like this. *Artis v. Dist. of Columbia*, 138 S. Ct. 594, 597–98 (2018) ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims."). Based on this authority, the Court declines to take supplemental jurisdiction over Hilton's remaining claims against the City. Therefore, the Court **DISMISSES** the claims without prejudice to Hilton's right to pursue the claims in the courts of the State of Tennessee.

This just leaves Hilton's claims against the Chamber. Hilton obtained a waiver of service from the Chamber on May 29, 2020, making the Chamber's responsive pleading due no later than July 29, 2020.[1] To date the Chamber has not filed an answer or a Rule 12 motion, even though the time to do so has long passed. For his part Hilton has not taken any further action to prosecute his claims against the Chamber. It appears to the Court that the Chamber would be entitled to the dismissal of any ERISA claim against it as a matter of law for the same reasons that the City is entitled to the dismissal of the claim. The Chamber has not actually contested the issue in its own right. The fact remains that Hilton alleges the same ERISA claim against the Chamber that he alleged against the City, and Hilton has now conceded his ERISA claim against the City.

Under the circumstances, Hilton is ordered to show cause as to why the Court should not dismiss his ERISA claim against the Chamber for the same reasons that his ERISA claim against the City was dismissed. Assuming that Hilton's ERISA claim is subject to dismissal and that no

---

[1] The Chamber's waiver of service suffices to give the Court personal jurisdiction over the Chamber. *See Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) ("In the absence of proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant" and is therefore "powerless to proceed to an

claim over which the Court will have original jurisdiction will remain, Hilton should also show cause as to why the Court should exercise supplemental jurisdiction over his state law claims against the Chamber and not just dismiss them without prejudice.

## CONCLUSION

The Court holds that the Complaint fails to state a plausible ERISA claim against the City of Brownsville, and so the City's Motion to Dismiss must be **GRANTED** on this claim.  The Court declines to exercise supplemental jurisdiction over Hilton's state law claims against the City.  The claims are **DISMISSED** without prejudice.

Hilton is ordered to show cause as to why the Court should not dismiss his ERISA claim against the Brownsville-Haywood County Chamber of Commerce and why the Court should exercise supplemental jurisdiction over his remaining state claims against the Chamber.  Hilton's show cause response is due within 14 days of the entry of this order.  Failure to respond within that time may result in the dismissal of the claims against the Chamber without further notice.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

                                        Date: September 28, 2020.

---

adjudication.").